```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF KENTUCKY
```
**LEXINGTON**

| | |
|---|---|
| CLAUDE L. BASSETT,              )  | |
|                                 )  | |
|     Plaintiff,                  )  | Civil Action No. 5:04-425-JMH |
|                                 )  | |
| v.                              )  | |
|                                 )  | |
| THE NATIONAL COLLEGIATE         )  | |
| ATHLETIC ASSOCIATION,           )  | **MEMORANDUM OPINION AND ORDER** |
| THE SOUTHEASTERN CONFERENCE,    )  | |
| and THE UNIVERSITY OF KENTUCKY  )  | |
| ATHLETIC ASSOCIATION,           )  | |
|                                 )  | |
|     Defendants.                 )  | |
|                                 )  | |

                    **    **    **    **    **

This matter is before the Court on Plaintiff's motion for leave to file an amended complaint. Plaintiff has filed a motion for leave to amend his complaint [Record No. 49], to which both the University of Kentucky Athletic Association ("UKAA") and the Southeastern Conference ("SEC") have responded [Record Nos. 53 & 54, respectively]. Plaintiff has replied to these responses [Record Nos. 60 & 64]. The Court being sufficiently advised, this matter is now ripe for review.

The Federal Rules of Civil Procedure provide that a party may amend its pleading by leave of court, leave that shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). However, the Court can deny leave to amend on the basis of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

1

undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[A]n amendment may not be allowed if the complaint as amended could not withstand a Fed. R. Civ. P. 12(b)(6) motion." *Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir. 1991).

Dismissal is proper under Rule 12(b)(6) if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claims that would entitle [him] to relief.'" *Forest v. United States Postal Serv.*, 97 F.3d 137, 139 (6th Cir. 1996) (quoting *American Eagle Credit Corp. v. Gaskins*, 920 F.2d 352, 353 (6th Cir. 1990)). The Court must construe the complaint in the plaintiff's favor and accept as true all factual allegations therein. *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000). "'Although the standard for Rule 12(b)(6) dismissals is quite liberal,' the complaint must contain 'either direct or inferential allegations respecting all the material elements' and the allegations must constitute 'more than bare assertions of legal conclusions.'" *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

In his amended complaint, Plaintiff reasserts his antitrust claim against the National Collegiate Athletic Association ("NCAA"), reasserts his fraud claim against the SEC, and raises new claims of tortious interference with prospective contractual

2

relations against the UKAA and the SEC.

Plaintiff alleges that the NCAA, the SEC, and the UKAA conspired to prohibit Plaintiff from coaching at NCAA schools, an action which resulted in an unlawful group boycott of Plaintiff by the NCAA in violation of the Sherman Antitrust Act, 15 U.S.C § 1-2, and the Clayton Act, 15 U.S.C. § 15.  As stated in the Court's May 3, 2005 Order [Record No. 34], the NCAA's enforcement of the rules at issue in this case is not commercial in nature, and, as a result, the Sherman Antitrust Act does not apply.  The Court finds that allowing Plaintiff to amend his complaint to reassert this antitrust claim would be futile.

Secondly, construing this amended complaint in the light most favorable to Plaintiff, Plaintiff's claim of fraud against the SEC would falter under a Rule 12(b)(6) motion because he has not alleged how under any set of facts the SEC could be found to have caused his injuries.  Cognizant of Plaintiff's attempt to clarify his injuries in his amended complaint, the Court finds that Plaintiff's efforts fail to remedy the deficiencies in his complaint.  Plaintiff made damning admissions to the University before the SEC made its misrepresentations to Plaintiff, and Plaintiff concedes that the University, not the SEC, submitted the damaging self-disclosure report to the NCAA, and that the NCAA, not the SEC, punished him based on evidence submitted in that report.

Finally, Plaintiff alleges that the UKAA and the SEC

tortiously interfered with his prospective contractual relations by manipulating the investigation of Plaintiff so that he would receive a harsh punishment from the NCAA.  Assuming the truth of Plaintiff's allegation that the NCAA relied heavily on a report based on an improper investigation carried out by the UKAA and the SEC, the Court finds that the facts that Plaintiff alleges only demonstrate that the NCAA's ban interferes with his prospective contractual relations and fail to demonstrate that the UKAA and the SEC intentionally or improperly interfered with Plaintiff's prospective contractual relations.  These claims against the UKAA and the SEC for tortious interference with prospective contractual relations would therefore falter under a Rule 12(b)(6) motion.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for leave to file an amended complaint [Record No. 49] be, and the same hereby is, **DENIED**.

This the 8th day of November, 2005.



Signed By:
*Joseph M. Hood*
United States District Judge